**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**



FILED

JAN - 2 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

PATRICIA VANDERHEYDEN,

       Plaintiff,

v.                              Civil Action No. 4:12cv46

PENINSULA AIRPORT
COMMISSION, et al.

       Defendants.

## OPINION AND ORDER

This matter is currently before the Court on objections to the United States Magistrate Judge's Report and Recommendation ("R&R") recommending that this Court grant the motion for summary judgment filed by Defendants Peninsula Airport Commission ("PAC"), Ken Spirito ("Spirito"), and Herbert H. "Bert" Bateman, Jr. ("Bateman") (collectively "Defendants"). After carefully considering the Magistrate Judge's thorough R&R, Plaintiff Patricia Vanderheyden's ("Vanderheyden") objections thereto, and Defendants' response to such objections, this Court conducted a de novo review as to the recommendations in the R&R to which Vanderheyden objected. Having completed such review, this Court hereby adopts and approves the findings and recommendations set forth in the R&R, as supplemented by this Order. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment.

## I.  FACTUAL AND PROCEDURAL HISTORY

Vanderheyden was employed by PAC for over twenty-one years. Vanderheyden alleges that her supervisor at PAC, a non-party named Jim Smith, maintained a sexually hostile work environment. She further alleges that when she complained to Defendant PAC of such conduct, she suffered adverse employment actions at the hands of interim Executive Director Mark Falin, a non-party, and Defendant Spirito, whom Defendant Bateman had hired to serve as the permanent Executive Director and who ultimately terminated Vanderheyden's employment with PAC effective January 31, 2009. Following her termination, Vanderheyden filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 3, 2009.  (ECF No. 25-1).  Eight months later, on November 4, 2009, Vanderheyden filed a voluntary Chapter 7 Bankruptcy Petition. Voluntary Pet. Under Chapter 7, No. 09-51805-SCS (Bankr. E.D. Va. Nov. 4, 2009) (ECF No. 25-2).  Vanderheyden did not disclose her EEOC charge or potential claims against PAC in her petition nor did she ever disclose such claims to the bankruptcy court.[1] The bankruptcy court granted Vanderheyden a discharge of $154,017.36 in debts on February 16, 2010.  Discharge of Debtor, No. 09-51805-SCS (Bankr. E.D. Va. Feb. 16, 2010) (ECF No. 25-3).

---

[1] Debtors seeking shelter under federal bankruptcy laws are required to file a schedule of assets and liabilities including "contingent and unliquidated claims of every nature."  11 U.S.C § 521(1)(B)(i); see also Schedule B – Personal Property, No. 09-51805-SCS (Bankr. E.D. Va. Nov. 4, 2009) (ECF No. 25-4).

It then closed her bankruptcy case and dismissed the bankruptcy trustee on June 23, 2011.   Order Discharging Trustee & Closing Case, No. 09-51805-SCS (Bankr. E.D. Va. June 23, 2011) (ECF No. 25-3).

Vanderheyden received a Notice of Right to Sue letter from the EEOC on September 30, 2011.   On December 28, 2011, three months after receiving the EEOC Notice and six months after her bankruptcy case was closed, Vanderheyden filed the instant action, alleging two counts of employment discrimination for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII claims").   Vanderheyden amended her complaint on February 11, 2012 to add one count under 42 U.S.C. § 1983 alleging violations of her constitutional due process, free speech, and equal protection rights ("constitutional claims").

On April 16, 2012, Defendants moved to dismiss Vanderheyden's constitutional claims on the ground that such claims were time barred under the applicable statute of limitations.[2]   (ECF No. 19).   Defendants filed an amended motion to dismiss and memorandum in support of such motion on May 17, 2012 additionally seeking to dismiss Vanderheyden's entire amended complaint on the ground of judicial estoppel.   (ECF

---

[2] Vanderheyden timely filed a memorandum in opposition to Defendants' motion on April 30, 2012.

3

No. 24). Vanderheyden was required to file a responsive brief to Defendants' amended motion to dismiss by May 31, 2012. On May 25, 2012, Vanderheyden filed a motion for extension of time. (ECF No. 27). Vanderheyden filed a second motion for extension of time on May 30, 2012 additionally proffering that defense counsel did not object to such extension. (ECF No. 29). Vanderheyden then withdrew her previously filed motion for extension of time on May 31, 2012. (ECF No. 30). The Court did not rule on Vanderheyden's second motion for extension of time prior to the expiration of her time for filing and Vanderheyden did not file a response to Defendants' amended motion to dismiss until June 7, 2012.[3] In addition to her response, Vanderheyden simultaneously filed a motion to strike Defendants' motion to dismiss and exhibits thereto on the grounds that Defendants' motion was untimely and the exhibits to such motion improperly attempted to convert the motion to one for summary judgment.

This Court referred all pending motions to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) by Order dated July 16, 2012. (ECF No. 41). The Magistrate Judge conducted a

---

[3] Vanderheyden's response contested the applicability of the judicial estoppel doctrine and argued that her constitutional claims were not time barred. Additionally, Vanderheyden attached a sworn affidavit to her response as evidence that her failure to disclose her Title VII claims in her bankruptcy action was inadvertent.

hearing on such motions on July 26, 2012.[4]  Following the hearing, the Magistrate Judge issued an Order converting Defendants' motion to dismiss to a motion for summary judgment on the ground that it required the Court to consider exhibits outside of the pleadings that were not central to Vanderheyden's claims.  (ECF No. 48).  By the same Order, the Magistrate Judge granted Vanderheyden's second motion for extension of time, specifically allowing her "twenty-one days from the date of the hearing to respond to what will be considered Defendants' Motion for Summary Judgment." (ECF No. 48).

The only response Vanderheyden filed in the twenty-one day period was a motion for joinder of the bankruptcy trustee or, alternatively, to stay proceedings to give Vanderheyden time to reopen her bankruptcy case, which motion was filed on August 16, 2012.  (ECF No. 49).  Defendants responded in opposition to Vanderheyden's motion for joinder or stay, arguing that Vanderheyden had failed to respond to the converted motion for summary judgment as directed.  (ECF No. 51).  Defendants asked the Court to deny Vanderheyden's motion for joinder or stay on the ground that Vanderheyden lacked standing to file suit, thus depriving the Court of subject matter jurisdiction, and further

---

[4] The Magistrate Judge also considered Defendants' Motion for Leave to File an Amended Answer at the July 26, 2012 hearing and ultimately granted such motion by Order dated July 27, 2012.  That ruling is not before this Court for review.

5

requested that the Court grant their converted, and apparently unopposed, motion for summary judgment. Id. In her reply brief, filed on September 4, 2012, Vanderheyden stated that her motion for joinder or stay was her "response to the converted motion for summary judgment." (ECF No. 53). Furthermore, Vanderheyden specifically conceded that the claims raised in this suit "remain part of her bankruptcy estate unless excluded by the bankruptcy court" and that "the bankruptcy trustee is the real party in interest as plaintiff in this action." Id. Vanderheyden further argued against summary judgment, restating and incorporating (for the first time since the July 27, 2012 Order) arguments against judicial estoppel raised in her previously untimely-filed memorandum in opposition to Defendants' amended motion to dismiss. Id.

The Magistrate Judge issued his R&R on September 27, 2012 concluding that: (1) Vanderheyden is judicially estopped from pursuing her Title VII and constitutional claims because she failed to disclose those claims during the Chapter 7 bankruptcy proceeding; (2) Vanderheyden's constitutional claims under 42 U.S.C. § 1983 are time barred; (3) Vanderheyden's alternative motion to stay proceedings and reopen her bankruptcy should be denied because Vanderheyden lacks standing to file the action, depriving this Court of subject-matter jurisdiction; and (4) any Rule 17 motion to intervene made by an appointed bankruptcy

trustee should be granted in light of the liberal Federal joinder rules.  (ECF No. 55).  The R&R advised Vanderheyden of the procedures and requirements for filing objections to its proposed findings and recommendations and the seriousness of the consequences if she failed to do so.  Vanderheyden filed her objections to the R&R on October 11, 2012 and moved for a hearing on such objections on October 12, 2012.  Specifically, Vanderheyden objects (1) to the recommendation that summary judgment be granted on the ground of judicial estoppel, (2) to the R&R's proposed factual finding that "Vanderheyden does not dispute that she is judicially estopped from bringing her claims," and (3) to the proposed factual finding that "Vanderheyden has failed to put forth any evidence that her actions were inadvertent."  (ECF No. 55).  Defendants responded to Vanderheyden's objections on October 17, 2012.

The R&R and the objections thereto are properly before this Court for review.  Before reaching these objections, the Court notes that, after a hearing on October 5, 2012, the bankruptcy court denied Vanderheyden's petition to reopen her bankruptcy case by Order dated October 24, 2012.  Order Den. Debtor's Mot. to Reopen Chapter 7 Case, No. 09-51805-SCS (Bankr. E.D. Va. Oct. 24, 2012) (referenced as a ruling on the record at the October 5, 2012 hearing in Defs.' Resp. to Pl.'s Objections to R&R at n.2 (ECF No. 58)).

## II. DISTRICT COURT REVIEW OF MAGISTRATE JUDGE'S R&R

"The Federal Magistrates Act requires a district court to 'make a de novo determination *of* those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (emphasis and alteration in original). As to those portions of the R&R not objected to, "[i]n the absence of 'specific written objection,' [a] district court [is] free to adopt [a] magistrate judge's recommendation ... without conducting a de novo review." Id. The reviewing Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Id. (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

Vanderheyden has not objected to the R&R's recommendation that this Court grant summary judgment on her constitutional claims because such claims are time barred, nor to the recommendation that this Court deny Vanderheyden's alternative motion for joinder or to stay these proceedings because Vanderheyden lacks standing. Because Vanderheyden failed to object in writing as to these recommendations despite the R&R's express instructions concerning the necessity of filing such objections, this Court adopts the Magistrate Judge's recommendations, finding no clear error on the face of the

record as to either.  Accordingly, this Court **GRANTS** Defendants'
motion for summary judgment as to the constitutional claims
alleged in Count II of Vanderheyden's Amended Complaint on the
ground that the applicable statute of limitations bars
Vanderheyden from proceeding on such claims.[5]  The Court further
**DENIES** Vanderheyden's motion for joinder or to stay these
proceedings pending any further action to reopen her bankruptcy
case because Vanderheyden lacks standing.[6]  The Court now turns
to its de novo review of Vanderheyden's written objections to
the R&R's recommendations and proposed findings concerning her
Title VII claims, first addressing the objections to the
proposed findings of fact.

### III.  OBJECTION TO PROPOSED FINDINGS OF FACT

The recommended findings of fact are set forth in detail in
the Magistrate Judge's R&R.  Vanderheyden objects to two
recommended factual findings therein.  First, Vanderheyden
objects to the statement that, "Vanderheyden does not dispute
that she is judicially estopped from bringing her claims."  R&R

---

[5] Because the Court grants summary judgment on Vanderheyden's
constitutional claims on the ground that such claims are time barred
under the applicable statute of limitations, the Court need not (and
does not) address such claims in considering below Vanderheyden's
standing to bring this suit or the applicability of judicial estoppel.

[6] Although Vanderheyden failed to object to the Magistrate Judge's
recommended conclusion of law that she lacks standing in this action,
the Court will discuss the question of Vanderheyden's standing below
when addressing its subject-matter jurisdiction over the remaining
(Title VII) claims.

at 6 (ECF No. 55). Second, Vanderheyden objects to the statement that, "Vanderheyden has failed to put forth any evidence that her actions were inadvertent." Id. Concerning both statements, Vanderheyden argues that the Magistrate Judge was required to consider her memorandum in opposition to Defendants' amended motion to dismiss, which she untimely filed on June 7, 2012. Vanderheyden contends that her memorandum in opposition did dispute the applicability of the judicial estoppel doctrine to her Title VII claims and also set forth evidence that her failure to disclose such claims to the bankruptcy court was inadvertent. Vanderheyden argues that she filed her sworn affidavit as evidence of inadvertence, which she attached to her memorandum in opposition as an exhibit. Vanderheyden concludes that the objected-to factual findings are based on the Magistrate Judge's improper failure to consider her response to the amended motion to dismiss and, therefore, should be disregarded in this Court's determination of the appropriate factual findings in this case.

Vanderheyden is correct in asserting that her June 7, 2012 memorandum in opposition to Defendants' amended motion to dismiss disputes the contention that she is judicially estopped from pursuing her Title VII claims and offers evidence, in the form of Vanderheyden's affidavit, that her actions were inadvertent. (ECF No. 32). The only question before the Court

is whether it must consider Vanderheyden's June 7, 2012 memorandum in opposition and the exhibit attached thereto.

The responsive pleading upon which Vanderheyden seeks to rely was not timely filed. Vanderheyden's response to Defendants' amended motion to dismiss was due on or before May 31, 2012. Although Vanderheyden filed two motions for extension of time before the filing deadline, the Court did not act on those motions and thus, Vanderheyden's time for filing was not enlarged. Thus, her memorandum in opposition to Defendant's amended motion to dismiss was not timely filed.

Rule 6(b)(2) of the Federal Rules of Civil Procedure authorizes courts to retroactively extend the time for filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. 6(b)(2). The Magistrate Judge granted Vanderheyden's second motion for extension of time, which was filed on May 30, 2012 and argued at the July 26, 2012 hearing, by Order dated July 27, 2012. By granting such motion, the Magistrate Judge implicitly found that Vanderheyden's failure to file by May 31, 2012 because of her counsel's absence constituted excusable neglect under Rule 6(b)(2). But, the Magistrate Judge's Order specifically provided that the extended period for filing being granted was limited to the twenty-one day period following the July 26, 2012 hearing. Thus, his Order extending Vanderheyden's time for

11

filing did not excuse her prior untimely filing, but instead provided Vanderheyden with a second opportunity to timely file a response. The Magistrate Judge gave Vanderheyden this second response period to afford her a reasonable opportunity to fully respond to the amended motion to dismiss as converted to a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Despite being given this second opportunity to timely file a response to Defendants' motion and to supplement any prior argument with material pertinent to the question of summary judgment, Vanderheyden again failed to timely respond. Instead, Vanderheyden moved only to join the bankruptcy trustee in the instant action or, alternatively, to stay these proceedings in order to allow the reopening of her bankruptcy action and the appointment of a bankruptcy trustee who might then seek to intervene. (ECF No. 49). Nothing in Vanderheyden's motion or its supporting memorandum addressed the questions of summary judgment or judicial estoppel, nor did such filings present the Court with any factual disputes. (ECF Nos. 49 and 50). On the contrary, by seeking leave to join an as yet unappointed

bankruptcy trustee or, alternatively, to stay these proceedings, Vanderheyden implicitly conceded that she lacks standing to pursue her Title VII claims. But, the Court need not rest on this apparent concession when addressing the objected-to factual findings, because in failing to file any substantive response to Defendants' converted motion for summary judgment, Vanderheyden left such motion and its description of the material facts unopposed.

Vanderheyden's contention that her motion for joinder or stay "was her response" is unpersuasive, because, as noted above, these filings failed to address any factual dispute, the judicial estoppel doctrine, or whether summary judgment is appropriate. Additionally, Vanderheyden did not address such questions, which were in part raised in her previous untimely filing, until after the twenty-one day filing period had expired, rendering such arguments, again, untimely. It is true that "a district court possesses broad discretion on whether to consider a tardy filing of summary judgment materials ... [and] a late filing should be authorized 'only if cause or excusable neglect has been shown by the party failing to comply with the time provisions.'" B & J Enterprises, Ltd. v. Giordano, 329 Fed. App'x 411, 415 (4th Cir. 2009) (unpublished) (quoting Orsi v. Kirkwood, 999 F.2d 86, 91 (4th Cir. 1993)). However, Vanderheyden fails to address the timeliness of her arguments at

13

all in her objections to the Magistrate Judge's R&R.   Therefore, the Court **FINDS** that Vanderheyden has failed to show cause or excusable neglect with respect to the untimeliness of her arguments and exercises its discretion in declining to consider such arguments.

For the reasons outlined above, the Court **OVERRULES** Vanderheyden's objections to the Magistrate Judge's proposed findings of facts and adopts the contested factual findings on the grounds that Vanderheyden never timely contested the applicability of judicial estoppel and likewise failed to timely present evidence of her inadvertence.   However, the Court notes that, even if it considered Vanderheyden's untimely response and sustained her objections to the two proposed factual findings, it would still find that summary judgment is appropriate as to the Title VII claims for the reasons set forth below.

## IV.   OBJECTION TO PROPOSED ANALYSIS

### A. Legal Standard[7]

The Federal Rules of Civil Procedure provide that a district court "shall grant" summary judgment in favor of a movant if such party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[7] In her objections to the R&R, Vanderheyden specifically states that she does not dispute the summary judgment standard of review recited in the R&R.     Therefore, the Court adopts and incorporates this standard, as supplemented, below.

matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The mere existence of some alleged factual dispute between the parties "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986). "A material fact is one 'that might affect the outcome of the suit under governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson, 477 U.S. at 248) (internal citation omitted).

The party seeking summary judgment has the initial burden of setting forth the basis of its motion and identifying materials in the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex, 477 U.S. at 323. Once a movant has met this burden, the non-moving party may not rest upon the mere allegations of the pleadings, but instead must set forth specific facts illustrating a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 575, 586-87 (1986).

In considering the motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving

party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see also Anderson, 477 U.S. at 255.   At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.   After viewing the evidence in the non-movant's favor, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented." Id. at 252. Because a ruling on summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits[,] ... [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to overcome a defendant's well-founded summary judgment motion.   Id. Accordingly, if the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50.

## B. Analysis

There are two grounds upon which this Court could grant summary judgment as to Vanderheyden's Title VII claims.   First, Vanderheyden is without standing to pursue her Title VII claims, thereby depriving this Court of jurisdiction in this matter,

because the Title VII claims properly belong to Vanderheyden's bankruptcy estate and there is no evidence before the Court that the estate abandoned such claims in any manner that would restore standing to Vanderheyden. Second, in accordance with the R&R's recommendation, the doctrine of judicial estoppel bars Vanderheyden from pursing her Title VII claims. The Court considers both grounds under a de novo standard of review—the first, because the Court raises it sua sponte, and the second, because Vanderheyden has objected to the Magistrate Judge's recommendation that summary judgment be granted on the basis of judicial estoppel. Because the Court finds that it lacks subject matter jurisdiction over Vanderheyden's Title VII claims based on her lack of standing and further finds that Vanderheyden will be unable to obtain standing in this action, the Court grants summary judgment on the first ground. The Court further finds that, even if Vanderheyden could regain standing to pursue her Title VII claims (which she cannot), summary judgment is alternatively appropriate as to those claims based on the principle of judicial estoppel.

### i.  Vanderheyden's Lack of Standing as to Title VII Claims

In addressing Vanderheyden's alternative motion for joinder or to stay these proceedings, the Magistrate Judge specifically found that "Vanderheyden lacks standing to pursue her claims against the defendants." R&R at 10 (ECF No. 55). Based on this

finding, the Magistrate Judge concluded that the Court lacks jurisdiction to grant Vanderheyden's motion for joinder or stay. Id. Vanderheyden did not object to the proposed conclusions of law that she lacks standing and that her lack of standing deprives this Court of jurisdiction. On the contrary, Vanderheyden apparently conceded that she lacked standing when she acknowledged in her September 4, 2012 reply brief that "the bankruptcy trustee is the real party in interest as plaintiff in this action." (ECF No. 53). Although the Court is required to review recommendations that are not objected to for clear error only, the Court will address the matter of its jurisdiction de novo because it finds that Vanderheyden's lack of standing compels a grant of summary judgment as to all of Vanderheyden's Title VII claims and because the Magistrate Judge's recommendation was that the Court did not have jurisdiction to grant Vanderheyden's motion for joinder or stay—not that the Court should dismiss the underlying claims for lack of jurisdiction. Hence, any objection could only be expected to reach the question of this Court's jurisdiction over Vanderheyden's motion, not its jurisdiction over the action. See Diamond, 416 F.3d at 315.

Pursuant to Article III, § 2 of the United States Constitution, the federal judicial power extends only to "Cases" and "Controversies." U.S. Const. Art. III, § 2; see also Steel

18

Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998) ("We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by the judicial process."). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." Steel Co., 523 U.S. at 102. Thus, the United States Court of Appeals for the Fourth Circuit has recognized that "[s]tanding is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). If an individual does not have standing, federal courts lack subject matter jurisdiction over her. Atlantigas Corp. v. Columbia Gas Transmission Corp., 210 Fed. App'x 244, 247 (4th Cir. 2006) (unpublished); see also Miller v. Pacific Shore Funding, 92 Fed. App'x 933, 937 (4th Cir. 2004) (unpublished) (affirming a district court's dismissal for lack of subject matter jurisdiction on the ground that a debtor lacked standing).

Defendants' converted motion for summary judgment and supporting memorandum does not raise the issue of Vanderheyden's standing. Rather, Defendants raised Vanderheyden's standing for the first time in their memorandum in opposition to her motion for joinder or stay, which Defendants filed on August 27, 2012.

(ECF No. 51). However, the delay in raising standing is irrelevant to this Court's consideration of its jurisdiction. Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). Therefore, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314-15 (4th Cir. 2010) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Accordingly, even without the Defendants' challenge to Vanderheyden's standing, the Court can, and should, examine its jurisdiction over the suit sua sponte. Therefore, the Court will not limit its consideration of Vanderheyden's standing to her motion to join or stay, but will instead address the foundational issue of whether Vanderheyden had standing to file her Title VII claims in the first place.[8]

As the R&R correctly summarizes, when a debtor initiates a bankruptcy action, a bankruptcy estate is created that includes "all legal or equitable interests of the debtor in property as

---

[8] While such standing analysis would encompass both the Title VII claims and the constitutional claims, the Court need not reach Vanderheyden's standing to pursue the constitutional claims, as Vanderheyden failed to object to the Magistrate Judge's recommendation that such claims are time barred and the Court has adopted such recommendation, finding no clear error.

of the commencement of the case." 11 U.S.C. § 541(a)(1). The Fourth Circuit has observed that "[t]he meaning of 'property of the estate' under the Code has been construed 'broadly to encompass all kinds of property, including intangibles.'" Logan v. JKV Real Estate Servs. (In re Bogdan), 414 F.3d 507, 512 (4th Cir. 2005) (quoting Integrated Solutions, Inc. v. Serv. Support Specialties, Inc., 124 F.3d 487, 490 (3d Cir. 1997)). And, "[m]ore specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'" Id. (quoting Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 901 (7th Cir. 2000)). Such causes of action are not limited to active lawsuits; they include EEOC charges "and even the underlying facts that might support a[n employment] discrimination claim." Robertson v. Flowers Banking Co. of Lynchburg, LLC, No. 6:11cv13, 2012 WL 830097, at *3 (W.D. Va. Mar. 6, 2012), aff'd 474 Fed. App'x 242 (4th Cir. 2012) (per curiam); see also Youngblood Group v. Lukin Fed. Sav. & Loan Ass'n, 932 F. Supp. 859, 857 (E.D. Tex. 1996) (quoting Union Carbide Corp. v. Viskase Copr. (In re Envirodyne Indus., Inc.), 183 B.R. 812 n.17 (Bankr. N.D. Ill. 1995)) ("[T]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must

be disclosed."); Thomas v. Palmetto Mgmt. Servs., No. 3:05-17-CMC-BM, 2006 WL 2623917, at *3 (D.S.C. Sept. 11, 2006) (unpublished), aff'd 234 Fed. App'x 166 (4th Cir. 2007) (per curiam). Therefore, Vanderheyden's EEOC charge and the facts supporting her Title VII claims are property of her bankruptcy estate.

Because all of a debtor's assets and liabilities, including any actual or potential legal claims, are property of the bankruptcy estate, the debtor has an affirmative duty to disclose such assets and liabilities to the bankruptcy court. 11 U.S.C. §§ 521(a)(1)(B)(ii), 541(a)(1); see also In re Bogdan, 414 F.3d at 512; Robertson, 2012 WL 830097, at *3, *5. This duty does not end when the debtor files her bankruptcy petition; it continues through the pendency of the debtor's bankruptcy proceedings, requiring the debtor to update the bankruptcy court as her financial situation changes. Thomas, 2006 WL 2623917, at *4 (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002)); see also Brown Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 207-08 (5th Cir. 1999). A debtor's full and complete compliance with her disclosure obligation "is required to preserve the integrity of the judicial function of bankruptcy courts" because both the court and creditors rely on the accuracy of such disclosures in determining how to proceed in a bankruptcy action. USinternetworking, Inc. v. Gen. Growth

Mgmt., Inc. (In re USinternetworking, Inc.), 310 B.R. 274, 282 (Bankr. D. Md. 2004) (citing Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1998)); see also Robertson, 2012 WL 830097, at *5. Because Vanderheyden's EEOC charge and related claims constitute property of the bankruptcy estate and debtors have a continuing affirmative duty to disclose such property, Vanderheyden was required to disclose her EEOC charge and the facts supporting such charge to the bankruptcy court.

By filing a bankruptcy petition, the debtor not only creates a bankruptcy estate comprised of all her assets and liabilities, she also relinquishes control over that estate to the bankruptcy trustee. Robertson, 2012 WL 830097, at *4 (citing 11 U.S.C. §§ 323(a), 701; Richman v. Garza (In re Richman), 117 F.3d 1414, 1997 WL 360644, at *1 (4th Cir. July 1, 1997) (unpublished table decision)). More specifically, "[when] a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441 (4th Cir. 1999) (discussing the trustee's standing in relation to creditors); see also Miller, 92 Fed. App'x at 937 (affirming the district court's holding that the debtors lacked standing to pursue a claim against their creditors ·because such claim belonged to the bankruptcy estate and, accordingly, only the bankruptcy trustee had standing to pursue it); Robertson, 2012

23

WL 830097, at *4 (citing cases, including Ruppert, 187 F.3d 439, when discussing the trustee's standing in relation to the debtor). The trustee's exclusive standing extends to all legal claims constituting assets of the estate, regardless of whether the debtor complied with her obligation to disclose such claims. See, e.g., Robertson, 2012 WL 830097, at *4; Sain v. HSBC Mortg. Servs., Inc., No. 4:08-cv-2856, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) (unpublished). A debtor may pursue a claim belonging to the bankruptcy estate only if the trustee abandons it pursuant to 11 U.S.C. § 554(a) or if the bankruptcy court exempts it under the applicable exemption scheme. See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 136 (4th Cir. 1998) (requiring a judicial determination of such abandonment "before the debtor or a creditor may pursue a claim"); see also Wissman v. Pittsburgh Nat. Bank, 942 F.2d 867, 870 n.2 (4th Cir. 1991) (finding that judicial determination of abandonment is generally required but excepting cases from such requirement in which the debtor attempted to exempt claims from the bankruptcy estate); Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir 1990), aff'd 502 U.S. 410 (1992) ("Property abandoned under [§ 554(a)] ceases to be part of the estate.... It reverts to the debtor and stands as if no bankruptcy petition was filed." (internal citations omitted)).

Here, the bankruptcy trustee had exclusive standing to pursue Vanderheyden's Title VII claims against defendants, regardless of Vanderheyden's failure to disclose those claims to the bankruptcy court, because causes of action, including EEOC charges and the facts supporting them, constitute assets of the bankruptcy estate. Therefore, this Court **FINDS** that Vanderheyden lacks standing to pursue her Title VII claims in this forum. The Court further **FINDS** that Vanderheyden's standing to pursue such claims was not restored by abandonment because there is nothing in the record before the Court indicating that the bankruptcy trustee abandoned Vanderheyden's Title VII claims or that Vanderheyden sought to exempt such claims from the bankruptcy estate.[9] See Marshall v. Honeywell Tech. Solutions, Inc., 675 F. Supp. 2d 22, 26 (D.D.C. 2009) ("Where nothing in the record shows that a trustee abandoned a debtor's cause of action, dismissing a complaint brought by the debtor for lack of standing is proper."); see also Pappas, 942 F.2d at 136; Wissman, 942 F.2d at 870 n.2. The Court does not have subject matter jurisdiction over a plaintiff who lacks standing. See, e.g., Atlantigas, 210 Fed. App'x at 247. Therefore, the Court **GRANTS** summary judgment as to all of Vanderheyden's remaining claims—that is, the Title VII claims set forth in Count I of Vanderheyden's Amended Complaint.

---

[9] The issue of exemption is discussed further below.

In so holding, the Court notes that a bankruptcy trustee would have standing to bring Vanderheyden's Title VII claims. However Vanderheyden's bankruptcy action is closed and there is no acting trustee. In his R&R, the Magistrate Judge recommended that this Court give any appointed trustee reasonable time in which to seek to intervene as the real party in interest, pursuant to the liberal joinder rules of the federal courts. But, at a hearing on October 5, 2012, the bankruptcy court denied Vanderheyden's petition to reopen the bankruptcy action, as reflected in its Order dated October 24, 2012. Order Den. Debtor's Mot. to Reopen Chapter 7 Case, No. 09-51805-SCS (Bankr. E.D. Va. Oct. 24, 2012) (referenced in Defs.' Resp. to Pl.'s Objections to R&R (ECF No. 58)). Therefore, a new trustee will not be appointed. Because there will be no trustee to pursue Vanderheyden's Title VII claims, this Court finds that summary judgment is appropriate without further delay. Additionally, because no trustee has abandoned Vanderheyden's Title VII claims, nor will one abandon such claims in the future, the Court **FINDS** that Vanderheyden will be unable to gain standing in this matter. Vanderheyden's persistent lack of standing to pursue her Title VII claims compels the Court to grant Defendants' converted motion for summary judgment as to such Title VII claims regardless of its resolution of Vanderheyden's objection to the R&R's recommendation that summary judgment be

26

granted as to the Title VII claims on the alternative basis of judicial estoppel. However, because the bankruptcy court relied on the Magistrate Judge's judicial estoppel findings in declining to reopen Vanderheyden's bankruptcy action, and because Vanderheyden has objected to those findings, the Court will address the outstanding objection to the Magistrate Judge's judicial estoppel findings as to the Title VII claims. See Robertson, 2012 WL 830097, at *4-7 (considering judicial estoppel as applied to a plaintiff's failure to disclose her EEOC charge in a prior bankruptcy proceeding after finding that the plaintiff lacked standing "out of an abundance of caution").

### ii. Judicial Estoppel as to Title VII Claims

"Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) (citing John S. Clark Co. v. Gaggert & Frieden, P.C., 65 F.3d 26, 28 (4th Cir. 1995)). The purpose of judicial estoppel is "to protect the integrity of the judicial system." King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998). It is "an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts-to deter improper manipulation of the judiciary." Folio v. City of Clarksburg, W. Va., 134 F.3d 1211, 1217 (4th Cir. 1998). "As an equitable doctrine,

judicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided upon its own specific facts and circumstances."[10]  King, 159 F.3d at 196.

Our Court of Appeals applies a four-prong test to determine if judicial estoppel is appropriate.

> In order for judicial estoppel to apply, (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

Id. (citing Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996)).  To satisfy the final prong, the party "must have intentionally misled the court" for purposes of "gain[ing] unfair advantage." Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010).  "This bad faith requirement is the determinative factor." Id.

As discussed above, a debtor seeking shelter in a federal bankruptcy action has a continuing affirmative obligation to disclose all actual or potential legal claims to the bankruptcy court, because such claims constitute "property of the estate" subject to the bankruptcy trustee's exclusive control. 11

---

[10] Because judicial estoppel is an equitable doctrine applied in the district court's discretion, Vanderheyden's contention that a jury must determine whether she intentionally failed to disclose her EEOC charge to the bankruptcy court is without merit.

U.S.C. § 541(a)(1); see also In re Bogdan, 414 F.3d at 512; Robertson, 2012 WL 830097, at *3, *5.   A debtor's full and complete compliance with her disclosure obligation "is required to preserve the integrity of the judicial function of bankruptcy courts."   In re USinternetworking, Inc., 310 B.R. at 282 (citing Rosenshein, 918 F. Supp. at 104); see also Robertson, 2012 WL 830097, at *5.   If a debtor fails to comply with her obligation to disclose a claim to the bankruptcy court, she may be judicially estopped from pursuing that claim.   See, e.g., In re Coastal Plains, 179 F.3d at 207-08 & n.7 (collecting cases); Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571-72 (1st Cir. 1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419-20 (3d Cir. 1988); Rosenshein, 918 F. Supp. at 104-05; Robertson, 2012 WL 830097, at *6-7.

Vanderheyden's failure to disclose her EEOC charge to the bankruptcy court constituted a representation to that court that no actual or potential legal claims existed.   Robertson, 2012 WL 830097, at *6 (citing Stallings v. Hussman, 447 F.3d 1041, 1047 (8th Cir. 2006)); see also Thomas, 2006 WL 2623917, at *4-5; In re USinternetworking, Inc., 310 B.R. at 282-83.   Such a representation is one of fact, not of law.   Robertson, 2012 WL 830097, at *6.   The bankruptcy court accepted this representation when it discharged Vanderheyden's debts,

dismissed the bankruptcy trustee, and closed Vanderheyden's bankruptcy case. See Robertson, 2012 WL 830097, at *6 (citing Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)); Thomas, 2006 WL 2623917, at *5. Thus, the first three prongs of the Fourth Circuit's judicial estoppel test are satisfied in this case, and the Court moves to the fourth prong.[11] See Folio, 134 F.3d at 1217.

To find that judicial estoppel bars Vanderheyden from pursuing her Title VII claims in federal court, the fourth prong requires that the Court must find that Vanderheyden "acted intentionally, not inadvertently." Id. As the Fourth Circuit has made clear, this last prong states a bad faith requirement that is satisfied by intentional action for the purposes of gaining an unfair advantage. Whitten, 601 F.3d at 241.

Because of Vanderheyden's untimely filings, the Court has before it an unopposed motion for summary judgment on the ground of judicial estoppel.[12] Although Defendants' converted motion

---

[11] The Court also notes that, had it considered Vanderheyden's untimely filings, nothing in such filings argues that the first three prongs of the Fourth Circuit's test are not satisfied. Instead, Vanderheyden contested only the fourth prong—whether her failure to disclose her EEOC charge should be excused as inadvertent.

[12] The Court observes that Vanderheyden reattached her previously untimely filed affidavit to her objections to the R&R, which were timely filed. However, because Vanderheyden's affidavit was not timely submitted to the Court until she filed her objections to the R&R, such affidavit constitutes new evidence proffered between the Magistrate Judge's R&R and this Court's review. When a district court reviews a magistrate judge's findings or recommendations, the court has discretion to receive new evidence. 28 U.S.C. § 636(b)(1); Fed.

for summary judgment is unopposed, it fails to present direct evidence of Vanderheyden's intent to conceal her Title VII claims from the bankruptcy court. "In cases involving bankruptcy, courts have developed a fairly consistent standard, in the absence of [such] direct evidence of intent, for inferring whether a debtor acted intentionally or inadvertently in omitting a potential claim from a bankruptcy petition." Calafiore v. Werner Enters., Inc., 418 F. Supp. 2d 795, 798 (D. Md. 2006). Specifically, a "debtor's failure to satisfy [a] statutory disclosure duty is inadvertent 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" Thomas, 2006 WL 2623917, at *3 (citing In re Coastal Plains, Inc., 179 F.3d at 210;

R. Civ. P. 72(b)(2); see also Doe v. Chao, 306 F.3d 170, 183 n.9 (4th Cir. 2002) ("[T]he question of whether to consider such evidence rests within the sound discretion of the district court."). Vanderheyden failed to timely submit her sworn affidavit in opposition to Defendants' converted motion for summary judgment, despite receiving a second opportunity to do so following the July 26, 2012 hearing. Nowhere in her objections to the R&R does Vanderheyden address her failure to timely submit the affidavit. "Without adequate justification for the failure to present the evidence in question earlier, a district court may ignore belatedly tendered evidence offered in opposition to summary judgment after the court has ruled on a summary judgment motion" or when "the new evidence [i]s proffered between the magistrate judge's recommendation and the district court's adoption of the recommendation." Doe, 306 F.3d at 183 n.9 (citing Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 395 (4th Cir. 1994). Because Vanderheyden has not proffered any explanation for her failure to timely submit her sworn affidavit prior to filing her objections to the Magistrate Judge's R&R, this Court declines to consider such affidavit in its review of the R&R's judicial estoppel findings. However, even if the Court were to consider Vanderheyden's affidavit, such affidavit would not change the Court's conclusion that judicial estoppel is appropriate as to Vanderheyden's Title VII claims, for the reasons discussed below.

<u>Browning v. Levy</u>, 283 F.3d 761, 776 (6th Cir. 2002)).
Accordingly, in the absence of direct evidence of intent to
conceal, the Court will infer "deliberate or intentional
manipulation ... from the record[] where the debtor has
knowledge of the undisclosed claims and has motive for
concealment."[13]   <u>Barger v. City of Cartersville, Ga.</u>, 348 F.3d
1289, 1294 (11th Cir. 2003).

A plaintiff has knowledge of undisclosed claims when she is
aware of the factual basis of such claims.  <u>See, e.g.</u>, <u>Hamilton
v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 785 (9th Cir. 2001)
("Judicial estoppel will be imposed when the debtor has
knowledge of enough facts to know that a potential cause of
action exists during the pendency of the bankruptcy, but fails
to amend [her] schedules or disclosure statements to identify
the cause of action as a contingent asset.").   Vanderheyden
certainly knew of the facts giving rise to her Title VII claims,
as she filed her EEOC charge on March 3, 2009, eight months

---

[13] The Court observes that some courts have declined to infer intent
from "the mere fact of nondisclosure in a bankruptcy proceeding."
<u>E.g.</u>, <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355,
364 (3d Cir. 1996).  However, as discussed below, the Court does not
rely on the mere fact of nondisclosure in determining that judicial
estoppel is appropriate as to Vanderheyden's Title VII claims.
Rather, the Court considers Vanderheyden's knowledge of such claims
and her motive to conceal those claims from the bankruptcy court in
finding that judicial estoppel is appropriate as to Vanderheyden's
Title VII claims.  <u>See</u> <u>Klein v. Stahl GMBH & Co. v. Maschinefabrik</u>,
185 F.3d 98, 111 n.13 (3d Cir. 1999) (citing <u>Ryan Operations</u>, 81 F.3d
at 364) ("There is no question that <u>Ryan Operations</u> stands for the
proposition that a district court must 'discern' intent, not 'infer'
it.").

before filing her bankruptcy case on November 4, 2009.
Moreover, she was required to disclose those claims as assets of
the bankruptcy estate and failed to do so. See, e.g., In re
Bogdan, 414 F.3d at 512; Robertson, 2012 WL 830097, at *3, *5.
Therefore, Vanderheyden knew of her Title VII claims when she
filed her bankruptcy action.

Even if the Court were to consider Vanderheyden's sworn
affidavit, which it has already declined to do, the Court would
still find that Vanderheyden had knowledge of her Title VII
claims during the pendency of her bankruptcy action.
Vanderheyden's affidavit proffers only that she did not know
that her EEOC charge constituted an asset of her bankruptcy
estate. (ECF No. 56-1). However, a debtor's lack of awareness
as to her disclosure duties in a bankruptcy action is not
relevant to the question of judicial estoppel. See, e.g.,
Jethroe, 412 F.3d at 601; In re Coastal, Inc., 179 F.3d at 212;
Harrah v. DSW Inc., 852 F. Supp. 2d 900, 906-07 (N.D. Ohio 2012)
("It does not appear that any court has accepted ignorance of
the law as an excuse for a party's failure to comply with the
requirement of full disclosure."). To establish inadvertence
based on lack of knowledge, a plaintiff must show "that, at the
time she filed her bankruptcy petition, she was unaware of the
facts giving rise to [her claims]," not that she was unaware of
her duty to disclose those claims. Jethroe, 412 F.3d at 601.

Similarly, Vanderheyden's sworn statement that she never discussed her EEOC charge with her bankruptcy attorney does not show that her failure to disclose such charge was inadvertent. See Harrah, 852 F. Supp. 2d at 907 (declining to excuse a failure to disclose for lack of knowledge where "[plaintiff] was represented by an attorney in the bankruptcy, and any question about the required disclosures could have been answered by her attorney"). Vanderheyden had knowledge of the facts underlying her Title VII claims prior to filing her bankruptcy action and throughout the pendency of that action, regardless of whether she knew that such claims constituted an asset of her bankruptcy estate. If Vanderheyden had a motive to conceal her Title VII claims from the bankruptcy court, judicial estoppel is appropriate as to those claims.

Had Vanderheyden properly disclosed her EEOC charge, as required, such charge and the facts supporting it would have been placed in the bankruptcy estate, stripping Vanderheyden of standing to pursue such claims unless or until they were abandoned or exempted. See Pappas, 852 F.2d at 136; Wissman, 942 F.2d at 870 n.2; Dewsnup, 908 F.2d at 590. Additionally, including Vanderheyden's EEOC charge (and corresponding Title VII claims) in the bankruptcy estate would likely have increased the assets of such estate, which would have increased the assets available to Vanderheyden's creditors and deprived her of

exclusive recovery on such claims. See In re USinternetworking, Inc., 310 B.R. at 285 ("What [the plaintiff] had to gain was preservation of all potential recoveries on the claim for [her]self, without the need to share any portion with [her] creditors."); see also Burnes, 291 F.3d at 1288 ("It is unlikely [the plaintiff] would have received the benefit of a conversion to Chapter 7 followed by a no asset, complete discharge had his creditors, the trustee, or the bankruptcy court known of a lawsuit claiming millions of dollars in damages."); Robertson, 2012 WL 830097, at *7 (finding a motive to conceal claims in a Chapter 13 bankruptcy action when "disclosure may have increased the amount of [the plaintiff's] assets, resulting in less favorable Chapter 13 payment plans").[14]  Because disclosure would have increased the estate's assets and stripped Vanderheyden of her ability to pursue her Title VII claims, the Court finds that Vanderheyden had a motive to conceal such claims from the bankruptcy court. See Robertson, 2012 WL 830097, at *7; see also Superior Crewboats, Inc. v. Hudspeath et al. (In re

---

[14] The Court notes that the relief granted under Chapter 13 (repayment) differs from that available under Chapter 7 (discharge), but further observes that "'any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies.'" Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010) (quoting De Leon v. Comcar Indust., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003)) (applying judicial estoppel to a plaintiff's employment discrimination claims when the plaintiff failed to disclose them in a simultaneous Chapter 13 bankruptcy action).

Superior Crewboats, Inc.), 374 F.3d 330, 336 (5th Cir. 2004)
("The [plaintiffs] had the requisite motive to conceal the claim
as they would certainly reap a windfall had they been able to
recover on the undisclosed claim without having disclosed it to
the creditors."); Calafiore, 418 F. Supp. 2d at 798 ("If his
undisclosed claim would have added assets to the bankruptcy
estate, ... [the debtor] will usually be deemed to have a motive
to conceal those claims.").

    Vanderheyden contends that she was not required to disclose
her EEOC charge, and therefore had no motive to conceal such
charge, because Virginia law exempts personal injury actions
from creditor process.    (ECF No. 56).    The federal Bankruptcy
Reform Act ("Reform Act") provides that a debtor may exempt
certain property from the bankruptcy estate, notwithstanding the
Act's broad definition of estate property under 11 U.S.C. § 541.
See 11 U.S.C. § 522(b).    In providing such exemptions, the
Reform Act empowers the states to "opt out" of the federal
exemption scheme, and thereby require their citizens to utilize
only state exemptions in federal bankruptcy actions.    11 U.S.C.
§ 522(b)(2).    "Virginia has exercised that option by enacting
Virginia Code § 34-3.1."    Zimmerman v. Morgan, 689 F.2d 471, 471
n.2 (4th Cir. 1982).    Thus, Virginia law governs determinations
of whether certain property is exempt from a federal bankruptcy

estate.   Tavenner v. Smoot, 257 F.3d 401, 406 n.1 (4th Cir. 2001).

Virginia law specifically exempts from the bankruptcy estate "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement ... from creditor process against the injured person...."  Va. Code Ann. § 34-28.1.   Employment discrimination claims under Title VII may, under certain circumstances, qualify as "causes of action for personal injury" under § 34-28.1.   See King v. Webb (In re Webb), 214 B.R. 553 (E.D. Va. 1997) (affirming bankruptcy court's analysis after a de novo review).   However:

> In order to claim the exemption under [§ 34-28.1], the debtor must list the cause of action as an asset in his schedule B and then claim it as exempt property on his schedule C using forms prescribed by the bankruptcy rules.   The bankruptcy court may thereafter enter an order exempting the listed property.   Until such order is entered, the property remains a part of the bankruptcy estate.

Kocher v. Campbell, 282 Va. 113, 118 (2011) (citing Tavenner, 257 F.3d at 407) (emphasis added).

Even if Vanderheyden is correct that her EEOC charge would have fallen under § 34-28.1's exemption (a question the Court declines to reach), she was still required to disclose such charge and obtain an order exempting it in order to remove the EEOC charge and her corresponding Title VII claims from the bankruptcy estate.   In short, there was a process Vanderheyden

was required to follow in order to exempt her EEOC charge and, in failing to follow that process, Vanderheyden left such charge and the corresponding Title VII claims in the bankruptcy estate.[15] Therefore, Vanderheyden cannot rely on exemption under § 34-28.1 as evidence that she lacked a motive to conceal her EEOC charge. The Court's above discussion of Vanderheyden's motives to conceal such charge stands. Accordingly, the Court finds that, because Vanderheyden knew of her EEOC charge and the facts underlying it prior to filing her bankruptcy action, and because she had a motive to conceal such charge from the bankruptcy court, Vanderheyden acted intentionally, and not inadvertently, when she failed to disclose her EEOC charge to the bankruptcy court. Thus, the Court **FINDS** that, <u>even if</u> Vanderheyden had standing to pursue her Title VII claims (which she does not), she would be judicially estopped from doing so.

Vanderheyden could not escape this conclusion even if a re-appointed bankruptcy trustee later abandoned her Title VII claims or a bankruptcy court later exempted such claims, thus allowing them to revert back to Vanderheyden as if no bankruptcy action had been filed. <u>See, e.g.</u>, <u>Dewsnup</u>, 908 F.2d at 590; <u>In re Sutton</u>, 10 B.R. 737, 739 (Bankr. E.D. Va. 1981). Although

---

[15] Vanderheyden apparently concedes this fact in her reply memorandum to her motion for joinder or stay, filed on September 4, 2012. (ECF No. 53) ("Plaintiff does not dispute that the claims raised herein remain part of her bankruptcy estate unless excluded by the bankruptcy court.").

abandonment or exemption may restore a plaintiff's standing, it does not preclude application of judicial estoppel. See Guay v. Burack, 677 F.3d 10, 20-21 (1st Cir. 2012); Moses, 606 F.3d at 791-92. This is as it should be, because allowing a debtor to "back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." Moses, 606 F.3d at 800 (quoting Burnes, 291 F.3d at 1288). Such an approach would only diminish a debtor's incentive to provide a true and complete disclosure of her assets to the bankruptcy courts. Id. Accordingly, summary judgment as to the Title VII claims would be appropriate on the ground of judicial estoppel even if Vanderheyden could regain standing in the instant action, which the Court has already concluded she cannot.

### V. CONCLUSION

For all of the foregoing reasons, Defendants' converted motion for summary judgment is **GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel of record for the parties.

It is so **ORDERED**.

_____ /s/ ̶ ̶ ̶

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 2 , 2013